```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

OneSky Litigation Trust,

    v.                                            Civil No. 10-cv-344-LM

Justin B. Sullivan,
Justin and Marianne Sullivan,
Trustees of the Marianne Sullivan
Revocable Trust of 2009

**O R D E R**

Before the court is defendants' motion to stay all proceedings in this case (doc. no. 8). For the following reasons, the court denies the motion.

Plaintiff, OneSky Litigation Trust ("OneSky"), brings this diversity action against defendants, Justin B. Sullivan individually ("Sullivan"), and Justin B. Sullivan and Marianne Sullivan as trustees of the Marianne Sullivan Revocable Trust of 2009 ("Trust"), for common law fraud and violations of the New Hampshire Unfair Trade Practices Act, N.H. Rev. Stat. Ann. § 358-A. Sullivan is a former employee of OneSky. OneSky alleges that Sullivan's intentional violation of a New Hampshire state court order and conversion of OneSky's confidential and intellectual property, including customer data, for his own personal use, defrauded OneSky and constituted unfair trade

practices. OneSky also alleges that Sullivan, with the cooperation of Marianne Sullivan, fraudulently conveyed his interest in certain property into the Trust in an effort to place assets beyond the reach of federal authorities.

Defendants seek a stay of these civil proceedings on the ground that Sullivan is the subject of an ongoing federal criminal investigation involving much of the same customer data that is the subject of the present case. In determining whether to stay this case, the court must consider the "interests of the parties, the court, and the public." Microfinancial, Inc. v. Premier Holidays Int'l, 385 F.3d 72, 78 (1st Cir. 2004). Specifically, the court must weigh the following factors: (1) the good faith of the litigants; (2) the hardship to the defendant should the litigation proceed; (3) the interests of the plaintiff in proceeding expeditiously with the litigation; (4) the convenience of both the civil and criminal courts; (5) the public interest; (6) the interests of third parties; and (7) the status of the case. Id. In balancing these factors, the court is mindful that "an unindicted defendant who argues that going forward with a civil proceeding will jeopardize his Fifth Amendment rights usually presents a much less robust case for [the] extraordinary relief" of a stay of his civil case. Id. at 79.

Pursuant to the factors outlined in Microfinancial, this court finds:

- Good Faith, Hardship to Defendant, and Plaintiff's Interest in Proceeding Expeditiously

  Though there is no evidence that Sullivan is acting in bad faith in seeking a stay, id., he has not shown a "clear case of hardship," id. at 77, that would warrant a stay. Specifically, he has not been indicted, nor has he presented any evidence as to the imminence of an indictment.  See id. at 79 (denying defendant's motion to stay, in part, because defendant did not inform the court of "facts that might tend to suggest that the indictment was more than a remote possibility").  Therefore, OneSky's interest in "proceeding expeditiously" with this case, id. at 77, is not outweighed by any alleged hardship to Sullivan.

- Convenience of the Courts

  Because there is currently no pending criminal case, a stay would not promote the "convenience of both the civil and criminal courts."  Id.

- Public Interest and Interests of Third Parties

  The public's interest and the interests of third parties are not presently implicated, so they do not weigh in favor of or against a stay.  See id. ("The motion to stay in this

case does not seem to implicate the interests of third parties or of the public to any significant extent.").

- Status of the Case

    Unlike Microfinancial, this case is in its early stages, so there is no heightened need, as there was in that case, for "moving [the litigation] along." See id. at 78. However, this fact alone, when viewed in light of the absence of clear hardship to Sullivan should this case proceed, is insufficient to justify a stay.

For these reasons, the court denies the motion to stay (doc. no. 8). The motion is denied without prejudice to defendants' right to renew the request should circumstances change in a substantial way.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

Dated: November 22, 2010

cc: Peter D. Anderson, Esq.
    Edward J. Sackman, Esq.
    Andru H. Volinsky, Esq.